PER CURIAM.
Claimant Frank De Russo (De Russo) appeals from a workers’ compensation order, in which the Judge of Compensation Claims (JCC) found: (1) he is not entitled to wage-loss (WL) benefits as a result of his 1989 industrial accident; (2) he is only entitled to fifty-two weeks of WL benefits as a result of his 1990 industrial accident; and (3) his concurrent earnings should be excluded in calculating his average weekly wage (AWW). We reverse in part and affirm in part.
De Russo was employed as a patrol officer with the City of Ft. Lauderdale Police Department.[1], During his off-duty hours, he was also involved in “detail work,” where he was hired by local merchants to provide security for special events. On February 26, 1989, he injured his left knee in a compensa-ble accident. He reached maximum medical improvement (MMI) from this injury on April 4, 1990, with a 5% permanent impairment to the body as a whole. De Russo testified that, on returning to work, he resumed his routine patrol duties, as well as doing detail work.
*1208 On August 9, 1990, De Russo re-injured the same knee in another compensable accident, following which he did not return to his job as a patrol officer with the E/C. The unrefuted medical testimony at trial was that the 1990 injury was a new injury. He reached MMI from this second injury on December 13, 1990, with a 5% permanent impairment to the body as a whole.
De Russo contends the JCC erred in limiting his WL benefits to fifty-two weeks based on the 5% impairment from his 1990 injury when, in fact, he was entitled to 104 weeks based on his overall impairment (10%) from both work-related injuries to the same part of his body. Notwithstanding the fact the E/C concede error on this point, we affirm. Review of the record reveals the JCC properly did not consider the 5% permanent impairment sustained in the 1989 injury in determining De Russo’s entitlement to wage loss. Based on a total permanent impairment rating of 5%, then, De Russo is only eligible for fifty-two weeks of WL benefits. § 440.15(3)(b)4d(II), Fla.Stat. (Supp.1990).
De Russo also contends the JCC erred in excluding De Russo’s concurrent earnings in “detail work” in determining his AWW for the 1990 accident. Here, the E/C properly concede error. Vegas v. Globe Sec., 627 So.2d 76 (Fla. 1st DCA 1993) (en banc) (concurrent earnings must be included in determining an employee’s AWW under section 440.14(1), Florida Statutes), review denied, 637 So.2d 234 (Fla.1994). Because the JCC did not have the benefit of the Vegas decision when entering this order, she improperly excluded this amount in calculating De Russo’s AWW. Thus, we reverse and remand for a recalculation of the AWW.
We have examined the remaining issues raised on appeal, and affirm these issues without discussion.
Accordingly, we AFFIRM in part, and REVERSE and REMAND in part.
MINER, LAWRENCE and BENTON, JJ., concur.

. The employer is the City of Ft. Lauderdale, and the carrier is Risk Management (together "E/C”).